**FILED - GR**
December 23, 2015 10:45 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _mkc/_____   SCANNED BY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL JOHNSON,
        Plaintiff,

−v−

DUANE ALLEN, DDS, ELLIOT HARDY, DDS,
J. CHOI, D.D.S., Acting Regional Director,
        Defendants,
_____/

**1:15-cv-1329**

Gordon J Quist - U.S. District Judge
Phillip J Green - Magistrate Judge

FINGAL JOHNSON   #178669
In Propria Persona
Lakeland Correctional Facility
141 First Street
Coldwater, Michigan   49036

_____/

CIVIL RIGHTS COMPLAINT AND JURY DEMAND
Pursuant to 42 USC S 1983, and the PLRA of 1996

***LAYMAN PETITION***

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL JOHNSON,
      Plaintiff,

-v-
                                              Case No.

DUANE ALLEN, DDS, ELLIOT HARDY, DDS,
J. CHOI, D.D.S., Acting Regional Director,
      Defendants,
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES FINGAL JOHNSON, Plaintiff In Propria Persona and pursuant to the provisions of Title 42 USC §1983. the PLRA of (1996), Title 42 USC §1997(a) and (E), and the First Amendment right under the United States Constitution not to be retaliated against for filing Grievances, and the Eighth Amendment of the United States Constitution's right to adequate medical care and the prohibition against cruel and unusual punishment, hereby submits his verified complaint upon information and belief, and at all times hereinafter mentioned, alleges constitutional violations against all named Defendants. Plaintiff's complaint states as follows:

1). Jurisdiction is vested in this Court pursuant to Title 28 USC §§1331, 1333; Title 42 USC §1983 and the First and Eighth Amendments of the United States Constitution. This Court is vested with subject matter and personal jurisdiction on all claims arising under the constitution of the United States.

## JURISDICTION OF THE COURT

2). All parties relevant to this action is associated with the Michigan Department of Corrections. The defendants are employees of the (MDOC), a governmental entity responsible for the supervision of prisoners. Plaintiff is a prisoner under the supervision and care of the defendants. The parties can be addressed, individually, at the following address:

-1-

J. CHOI, D.D.S., Regional Dental Director,
P.O. Box 30003
Lansing, Michigan  48909

DUANE ALLEN, D.D.S.,
ELLIOT HARDY, D.D.S.,
FINGAL JOHNSON, Plaintiff,
141 First Street
Coldwater, Michigan  489096

## STATEMENT OF THE CASE

3).  This is a civil rights actions pursuant to Title 42 USC §1983. The matter in controversy involves constitutional deprivations of Plaintiff's Federal Constittional Rights under the First and Eighth Amendments. Plaintiff claims relief in an action at law under the theory of "Retaliation" for having exercised his federal constitutional right under his First Amendment's Free Exercise Clause; a conspiracy to retaliate for having exercised his First Amendment to petition the Court for redress. Plaintiff alleges his constitutional rights were violated under the Eighth Amendment where defendants conduct creates a substantial burden on his right to adequate medical care. Defendants are prison medical officials who under the guise of practical medical interest infringed upon Plaintiff's Eighth Amendment Constitutional Right to adequate medical care when they gave plaintiff anti-biotics for ten days and left him in pain and to endure "unnecessary suffering" for more than twenty days. Plaintiff seeks injunctive relief and monetary damage awards on his First and Eighth Amendment claims together with a declaratory ruling that the acts, actions, and acts of omissions by Defendants constitutes an abridgment of Plaintiff's First and Eighth Amendment rights. Plaintiff also seek actual compensation for this action.

## (1).  STATEMENT OF FACTS

4).  Plaintiff is a state prisoner confined under the supervision of the Michigan Department of Corrections, at a subsidiary facility of Southern Michigan, to wit, Lakeland Correctional Facility, located in Coldwater, Michigan.

5).  Defendants, all of whom act or perform their duties under the color of State Law, are employees of the Michigan Department of Corrections and are in charge of prisoners under their supervision and medical care.

6).  Defendant J. Choi, D.D.S., at all times relevant to this lawsuit, is the

-2-

Regional Dental Director of Corizon Health Care, Southern Division of the Michigan Department of Corrections, whose office is located in Lansing, Michigan and acts under the color of State Law. He is being sued in his individual capacity.

7). Duane Allen, at all times relevant to this lawsuit, is a D.D.S. (Doctor of Dental Surgery) at Lakeland Correctional Facility, he acts under the color of State Law. He is being sued in his individual capacity.

8). Elliot Hardy, at all times relevant to this lawsuit, is D.D.S. (Doctor of Dental Surgery) at Lakeland Correctional Facility, he acts under color of State Law. He is being sued in his individual capacity.

9). In February, 2014 Plaintiff was not in pain but had four teeth that needed extracting, Defendant Hardy said he was behind and Plaintiff would be doing him a favor if he would wait to get his teeth pulled. Hardy told Plaintiff that if he incurred any pain, kite, or get over here and he would pull his teeth.

10). On 9/11/14 after sending a medical kite, Plaintiff requested that Defendant Hardy pull two teeth that were paining him. Hardy told Plaintiff that he is only pulling one tooth, 'which one do you want pulled?' Plaintiff tried to explain that a tooth was hurting on each side and he is unable to eat, it wouldn't make a difference if he pulled both teeth. Before Plaintiff could finish Hardy told the Nurse, "it's over" and turned to Plaintiff in an arrogant tone of voice, said "get out."

11). Plaintiff was in severe pain and devastated that Hardy was "ethically immoral" and was exercising it at such a grievous time, inflicting cruel and unusual punishment upon plaintiff constituting deliberate indifference to his serious medical condition. Hardy failed to give or offer plaintiff anything for pain.

12). In the Step I, resposne to Grievance #LCF-2014-09-1065-12A3, Defendants Hardy and Allen conspired to inject deliberate indifference upon plaintiff by having Allen respond to the grievance and Elliot as the reviewer, not only are they violating MDOC'S Grievance Policy and procedures, PD-03.02.130, but violating plaintiff's First and Eighth Amendment Constitutional Rights, knowing that it should be a supervisor responding to the grievance. Defendant J. Choi was the Acting

-3-

Regional Dental Director, a medical professional reviewing the medical recommendations of other medical professionals on claims of conspiracy, deliberate indifference and retaliation and denying the medical complaint. Moreover, Choi's position assures that policies and procedures are properly practiced. Therefore, through his "deliberate" unconstitutional conduct he is the moving force behind the injury alleged, as such he is liable.

13). On 9/24/14, Defendant Allen placed plaintiff on call to interview him on Grievance #LCF-2014-09-1065-12a3, plaintiff explained to Allen that Hardy's conduct was unprofessional and intimidating and that Hardy had been deliberate indifference to my serious medical needs and asked Allen if he could treat me for my dental problems so that I won't have to deal with Hardy. Allen said that he wanted to examine me to determine my need for treatment.

14). On 9/24/14, Defendant Allen told plaintiff that he had an infection in his teeth, that he was prescribing penicillin and the infection should be gone by Wednesday if taken as prescribed. Allen said that Wednesday's are to only days he work at this facility. Allen suggested, "so that settles your medical problems so you can sign off this grievance."

15). Plaintiff told Allen, "what you are going to do has nothing to do with what Hardy did to plaintiff, Hardy "intentionally" left plaintiff in severe pain for an undetermined amount of time. Plaintiff has reasons to believe that Allen were offended with plaintiff's refusal to sign off the grievance against Hardy and thus retaliated against him by prolonging plaintiff's treatment for twenty days before he would extract plaintiff's teeth, knowing that he had a toothache and was in severe pain.

16). Defendant Allen extracted two teeth on 10/14/14, Allen also promised that he would extract plaintiff's other teeth, a week later, Allen still has not called plaintiff to extract his teeth. Allen 'intentionally' left plaintiff to endure severe pain and suffering because he initiated the procedure and knew plaintiff had been intimidated by Hardy. Allen had a moral obligation, even if he was leaving, to ensure that his job was completed instead of inflicting cruel and unusual punishment upon plaintiff and retaliating against him for having filed a grievance against Hardy and refusing to sign off.

CLAIMS AND CAUSES OF ACTIONS

17). Plaintiff realleges all paragraphs one through sixteen as if fully set forth herein. As to paragraphs which specifically set forth a particular defendants' action, these paragraphs will be adopted and incorporated by reference as if fully set forth herein.

COUNT ONE

18). The acts of commissions of Defendants Hardy, Allen and Choi as described above, constitutes a deprivation of Plaintiff's First Amendment right under the Free Exercise Clause and the Eighth Amendment's prohibition against cruel and unusual punishment and deliberate indifference. Defendants conspired to retaliate against plaintiff for having filed a grievance and was deliberate indifferent to his serious medical needs.

COUNT TWO

19). The acts and omissions coupled with the acts of commissions of Defendant Hardy when he breached his promise to treat plaintiff, threatened plaintiff and inflicted cruel and unusual punishment upon plaintiff when Hardy refused to extract his teeth, put plaintiff out of his office while suffering severe pain with nothing to ease his pain, constituting deliberate indifference.

20). The actions, acts of omissions and acts of commissions as described above constitutes a deprivation of plaintiff's First Amendment right when Allen and Hardy agreed to conspire and retaliate against him for having filed a grievance complaining of Hardy being deliberate indifferent to his serious medical condition and when Allen was deliberate indifferent to plaintiff's serious medical need when he knew that plaintiff had an infection in his mouth, gave him penicillin for ten days, promised to treat him the following Wednesday but didn't treat plaintiff until twenty days later, leaving plaintiff to endure 'unnecessary' pain and suffering because plaintiff refused to sign off the grievance.

COUNT THREE

21). The actions, acts of omissions and acts of commissions of Defendant Choi,

knowing fully plaintiff was dependent upon Hardy and Allen for medical treatment, as a medical professional reviewing the medical recommendations of other medical professionals. Choi was in a position of authority to correct the alleged violations, instead, Choi reviewed the deliberate indifference, conspiratorial and retaliatory actions of the other professionals and condoned it, further violating plaintiff's First and Eighth Amendment Constitutional rights.

## COUNT FOUR

22). The acts and omissions coupled with the acts of commissions of all defendants as described above constitutes a deprivation of plaintiff's First Amendment Right to petition for redress and his Eighth Amendment Right under the prohibition of cruel and unusual punishment when defendants Hardy was deliberate indifferent to plaintiff's serious medical needs and when Hardy and Allen acted in concert to deprive plaintiff of his constitutional right to petition for redress, retaliate against plaintiff and leaving him suffering 'unnecessary' pain constituting deliberate indifference to his serious medical condition.

## LEGAL CLAIM FOR RELIEF

23). Plaintiff claims relief in an action at law under the Eighth Amendment's protection against cruel and unusual punishment and deliberate indifference to plaintiff's serious medical condition which plaintiff has been deprived of by defendants named in this action. Defendants overted actions of being deliberate indifferent and inflicting cruel and unusual punishment upon plaintiff's "sufficiently serious condition" was not related to any type of "professional medical treatment plan," evidencing defendants acts of commissions with an intent to teach/punish plaintiff and deter him from continuing his grievance process. Relief can also be granted on plaintiff's claim under the First Amendment's right to petition the government for redress as defendants Hardy and Allen acted in concert, conspired and retaliated against plaintiff for having complained of Hardy being deliberate indifferent to plaintiff's serious medical condition.

## IMMUNITY

24). Defendants have no immunities or any defense to these charges as the laws were clearly established at the time of the overted-coverted acts, actions and acts of commissions of these defendants when they acted in concert to deprive plaintiff of his valued constitutional rights under the First and Eighth Amendment. Defendants knew or they reasonably should have known that their conduct violated clearly established constitutional rights under the First and Eighth Amendment when they engaged in the obstinate conduct as described herein.

## PROXIMATE CAUSE AND HARM

25). Plaintiff has suffered and continue to suffer irreparable harm and deprivations of his rights to petition for redress under the First Amendment and his right to adequate health care under the Eight Amendment by the acts, actions and acts of commission of all defendants named in this action. Plaintiff would not have suffered and would not be suffering 'but for' the callous disregard of his protected constitutional rights as described herein.

## RELIEF SOUGHT

Plaintiff seeks relief in the manner set forth infra., as to each claim asserted in this action.

A). A declaratory ruling that the actions of defendants in this litigation constitutes a deprivation of plaintiff's First Amendment right to petition for redress by acting in concert, conspired and retaliated against him for having filed a grievance as protected by the First Amendment, and plaintiff's Eighth Amendment right not to be subjected to cruel and unusual punishment and deliberate indifference to his serious medical condition.

B). Injunctive relief that defendants are enjoined to provide plaintiff adequate medical care, that their policy of deterrence (charging $5.00, co-pay anytime plaintiff enter the office, whether treated or not) is not imposed upon plaintiff to discourage him from getting treatment, that defendants finish the treatment procedure they began with plaintiff and that defendants refrain from threatening and disrespecting plaintiff to deter him from seeking treatment.

C). Monetary damage award of Thirty Thousand Dollars each for Defendants Hardy and Allen for conspiring to violate plaintiff's civil rights and Twenty Thousand Dollars each for retaliating against plaintiff for having filed a grievance complaining of Hardy being deliberate indifferent to his serious medical condition; Twenty Thousand Dollars for Defendants Hardy, Allen and Choi for being deliberate

indifferent to plaintiff's serious medical condition; punitive damages and non-economic damages in excess of Ten Thousand Dollars against all defendants for the 'intentional' infliction of pain and suffering plaintiff had to endure and continues to suffer because of defendants intentional and callous indifference to plaintiff's protected constitutional rights.

D). Compensatory damages in the amount as this Court deems fair and just. Actual costs for having to litigate this action in this Court, plus, all Courts costs, including filing fees and actual costs incurred.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all claims arising out of this action under the First and Eighth Amendments of the United States.


Respectfully submitted,

*Fingal Johnson*

FINGAL JOHNSON / #178669
141 First Street
Coldwater, Michigan  49036

Dated: December  22 , 2015

## VERIFICATION OF COMPLAINT

I, FINGAL JOHNSON, do hereby verify under the penalty of perjury that I have read the above complaint and jury demand. That the same is true in all respects as to the statement of facts. That as to the Constitutional provisions and all other legal concepts. I believe them to be true and hereby place my reliance thereupon. FURTHER, I say not.

*Fingal Johnson*

FINGAL JOHNSON  #178669

Dated:  December  22 , 2015

-8-