UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FINGAL E. JOHNSON,

        Plaintiff,                      Case No. 1:15-cv-1329

v.                                      Honorable Gordon J. Quist

DUANE ALLEN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.    Factual allegations

Plaintiff is incarcerated by the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility in Coldwater, Michigan. On September 11, 2014, Plaintiff sent a

medical kite seeking treatment for two teeth that were causing him pain. Plaintiff was seen by Defendant Elliot Hardy, D.D.S. Defendant Hardy told Plaintiff he would pull one tooth and asked Plaintiff to select the tooth to be pulled. Plaintiff attempted to explain that he wanted both teeth pulled. Defendant Hardy then refused to proceed and ordered Plaintiff out of the room.

The next day, Plaintiff filed a grievance seeking treatment to relieve his pain and the imposition of a penalty upon Defendant Hardy for forcing Plaintiff to suffer the pain. Plaintiff's grievance was reviewed by Defendant Duane Allen, D.D.S., on September 24, 2014. Defendant Allen examined Plaintiff to assess Plaintiff's need for treatment. Defendant Allen determined that Plaintiff had an infection in his teeth and prescribed penicillin. Defendant Allen informed Plaintiff that he worked at Lakeland on Wednesdays and that he would see Plaintiff after he completed the course of antibiotics.

Defendant Allen asked whether the proposed treatment resolved the medical problems raised in the grievance such that Plaintiff could "sign off" on the grievance. Plaintiff informed Defendant Allen that the proposed treatment did not eliminate his complaint about Defendant Hardy's actions. Defendant Allen's grievance response was reviewed by Defendant Hardy.

Plaintiff claims that Defendant Allen failed to satisfy his promise to remove Plaintiff's teeth. On October 13, 2014, Plaintiff filed a grievance complaining of Defendant Allen's failure to treat Plaintiff and claiming that Defendant Allen failed to treat him in retaliation for filing a grievance against Defendant Hardy. On October 14, 2014, Defendant Allen extracted two (or perhaps three) of Plaintiff's teeth and promised to extract the other(s) a week later.

Defendant Allen never extracted teeth or otherwise treated Plaintiff after October 14, 2014. Defendant Hardy offered to examine and treat Plaintiff during November of 2014, but Plaintiff refused.

Defendant J. Choi, D.D.S., serves as the Regional Dental Director for the region that includes Lakeland Correctional Facility. Plaintiff alleges that Defendant Choi did nothing to correct the violations of Defendant Hardy and Defendant Allen, even though Defendant Choi was in a position of authority over them and reviewed their conduct.

Plaintiff seeks a declaration that the Defendants have violated his rights under the Eighth Amendment by their deliberate indifference to his serious dental healthcare needs. Plaintiff also seeks a declaration that the Defendants' continued deliberate indifference was retaliatory for his exercise of the First Amendment right to petition the government by way of the prison grievance system. Plaintiff asks the Court to enjoin the Defendants to provide adequate medical care, to complete his treatment, to stop charging Plaintiff a five-dollar co-pay, and to stop threatening and disrespecting him. Plaintiff also asks the Court to award him punitive and compensatory damages.

## II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. <u>Eighth Amendment</u>

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk

of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). "Dental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010)(*citing McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir.2008) *quoting Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir.1980)).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Ruiz-Bueno v. Scott*, Nos. 14-4149, 14-4151, 2016 WL 385294 at *7 (6th Cir., February 2, 2016) ("Deliberate indifference requires evidence that the official being sued not only perceived facts from which to infer substantial risk, but 'did in fact draw the inference and . . . then disregarded that risk.'").

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In

> order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Plaintiff has liberally sprinkled his complaint with the words "deliberate indifference," but the specific facts he alleges reveal a different story. On September 11, 2014, Defendant Hardy offered treatment to plaintiff. He offered to pull one tooth. Plaintiff refused to choose one tooth, instead he continued to request that Defendant Hardy pull two teeth. Plaintiff's insistence on another course of treatment resulted in no treatment at all.

Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference

claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Less than two weeks later, on September 24, Defendant Allen examined Plaintiff and offered him antibiotics to treat an infection and agreed to pull Plaintiff's teeth at a later appointment. On October 14, Defendant Allen pulled at least two of Plaintiff's teeth.[1] Even though Plaintiff wanted Defendant Allen to pull all of his teeth right away, it can hardly be described as "deliberate indifference" on Defendant Allen's part to immediately treat Plaintiff with antibiotics and then to pull the teeth shortly after the course of antibiotics was complete. Once again, differences in judgment between Plaintiff and Defendant Allen regarding the appropriate course of treatment are not enough to state deliberate indifference. *Sanderfer*, 62 F.3d at 154-155.

Defendant Hardy offered to pull the last tooth. Plaintiff refused treatment from Defendant Hardy on November 20 and December 3. (ECF No. 1, PageID.22.) A voluntary refusal of treatment precludes an Eighth Amendment claim. *Palmer v. Wagner*, 3 Fed. App'x 329, 331 (6th Cir. 2001). Prison officials are not deliberately indifferent to a prisoner's serious medical needs when the prisoner refuses to accept medical treatment. *See, e.g., Richard v. Bokor*, 379 Fed. Appx. 719, 720–22 (10th Cir. 2010) (prisoner failed to state a claim for deliberate indifference where he thwarted medical personnel's efforts by disrupting the medical visits and refusing the offered treatment); *Day v. Lantz*, 360 Fed. App'x 237, 238–39 (2nd Cir. 2010) (prison employees were not deliberately indifferent to plaintiff prisoner's serious medical needs when they diagnosed and treated the prisoner's inguinal hernia, but the prisoner refused to undergo surgery to repair it); *Pinkston v.*

---

[1] In Plaintiff's complaint he mentions that Defendant Allen pulled two teeth; however, in the series of grievances he filed regarding his dental care, he indicates that Defendant Allen pulled the problem teeth on Plaintiff's right side and identifies three teeth. (ECF No. 1, PageID.13, 22.)

*Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (affirming judgment in favor of medical personnel on inmate's claim of deliberate indifference, where the inmate was the sole cause of delay in treatment).

Plaintiff has failed to allege facts that show that either Defendant Hardy or Defendant Allen was deliberately indifferent to Plaintiff's serious medical need. Accordingly, Plaintiff has failed to state an Eighth Amendment claim.

### B. First Amendment

Plaintiff alleges that Defendant Hardy and Defendant Allen retaliated against him for filing grievances. The retaliation took the form of the Eighth Amendment violations referenced above. Essentially, Plaintiff alleges that Defendant Allen and Defendant Hardy were deliberately indifferent to his serious medical needs in retaliation for Plaintiff filing his initial grievance against Defendant Hardy.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Thus, Plaintiff has sufficiently alleged that he was engaged in protected conduct.

Plaintiff alleges no adverse action by Defendant Hardy after the filing of the grievance; so his retaliation claim against Defendant Hardy fails at the second step. With respect

to Defendant Allen, Plaintiff alleges Defendant Allen's failure to treat the dental problems (or, more accurately, failure to treat them as Plaintiff wanted) could be sufficiently adverse action to deter a person of ordinary firmness from engaging in the protected conduct. Even if that were the case, Plaintiff's claim fails at the third step. Plaintiff has utterly failed to connect the "adverse action" to the "protected conduct."

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed a grievance against Defendant Hardy. Plaintiff states: "Plaintiff has reasons to believe that Allen were offended with plaintiff's refusal to sign off the grievance against Hardy and thus retaliated against him . . . ." (ECF No. 1, PageID.5.) Plaintiff never provides those reasons. Plaintiff does reveal that Defendant Allen did not say anything to prompt Plaintiff's belief that Defendant Allen was retaliating against him. (ECF No.1, PageID.11.) Plaintiff offers only temporal proximity to

justify his allegation. That is not enough. Plaintiff has failed to state a claim for retaliation against Defendant Allen.

### C. Respondeat superior

Plaintiff fails to make specific factual allegations against Defendant Choi, other than his claim that Defendant Choi reviewed Plaintiff's grievances and "was in a position of authority to correct the alleged violations." (ECF No.1, PageID.7.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Choi engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  March 7, 2016                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE