UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| FINGAL E. JOHNSON, # 178669, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-1329 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| DUANE ALLEN, D.D.S. et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement in 2014 at the Lakeland Correctional Facility. The defendants are Duane Allen, D.D.S., Elliott Hardy, D.D.S., and Acting Regional Director Jong Choi, D.D.S. Plaintiff alleges that Dr. Hardy and Dr. Allen were deliberately indifferent to his serious dental needs, in violation of his Eighth Amendment rights, and that they retaliated against him, in violation of his First Amendment rights. Plaintiff alleges that Dr. Choi violated his First and Eighth Amendment rights through his failure to act on the information that plaintiff provided in his grievances, and in the doctor's failure to properly supervise his subordinates. Plaintiff seeks damages and declaratory and injunctive relief. (ECF No. 13).

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as

required by 42 U.S.C. § 1997e(a).  (ECF No. 32). This motion is the re-filing of an earlier motion, this time in compliance with Local Civil Rule 7.1(d).  On March 9, 2017, the Court entered an order (ECF No. 35) advising plaintiff that his response to the earlier motion (ECF No. 29) would be considered as his response to this motion.  The order also gave plaintiff an opportunity to supplement his response.  (ECF No. 35 at PageID.214).  On March 24, 2017, plaintiff filed his supplemental response (ECF No. 37, PageID.218-20).

For the reasons set forth herein, I recommend that all plaintiff's claims against Dr. Choi be dismissed with prejudice for failure to state a claim upon which relief can be granted.  I recommend that defendants' motion for summary judgment (ECF No. 32) be granted in part and denied in part.  I recommend that defendants' motion be granted on plaintiff's claims against Dr. Hardy and that all plaintiff's claims against Dr. Hardy be dismissed without prejudice.  I recommend that defendants' motion be denied in all other respects.

### Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir.

2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to

exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the

administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the

---

[1] A copy of the policy directive is found in the record. *See* ECF No. 33-2, PageID.192-98.

exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate at the Lakeland Correctional Facility (LCF) at all times relevant to his complaint. He has filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 33-3, PageID.200-12). Two grievances warrant further discussion.

A. <u>Grievance No. LCF-2014-09-1065-12a3</u>

On September 16, 2014, LCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. LCF-2014-09-1065-12a3. (ECF No. 33-3, PageID.210). Plaintiff complained that, on September 11, 2014, he had a disagreement with a male dentist regarding how many teeth the dentist should pull. Plaintiff claimed that seven months earlier, in February 2014, he had four teeth that needed extraction. The same dentist had indicated that he was a little behind, and that plaintiff would be doing him a favor if he waited to have the teeth extracted. Plaintiff claimed that the dentist stated that if his teeth started hurting, he would

pull them. (*Id.*).

On September 11, 2014, the dentist indicated that he was going to pull one tooth. When plaintiff complained that he had pain in two teeth, the dentist responded that he did not care and then asked plaintiff to identify the tooth he wanted the dentist to remove. Plaintiff states that he "attempted to explain that one tooth had a nerve out and the other one was swollen," but before he had finished his explanation, the dentist terminated the visit and plaintiff was directed to leave. (*Id.*). Plaintiff complained that the dentist never offered him any type of pain medication. Plaintiff's grievance concluded with requests that he be provided with adequate dental care and that the dentist be "penalized to the fullest extent allowable[.]" (*Id.*).

The Step I response indicated that a review of plaintiff's dental records confirmed that plaintiff had been seen by the LCF dentist. The dentist determined that plaintiff "needed multiple teeth extracted from three different mouth quadrants (upper left, lower left and upper right)" and he recommended addressing plaintiff's dental problems one side of the mouth at a time in separate visits. Plaintiff refused the recommended course of treatment. The care prescribed by the dentist was not provided because plaintiff did not accept the planned treatment. Plaintiff was encouraged to access urgent dental care through the health care request process to address any current or future dental care concerns. (ECF No. 33-3, PageID.211).

Plaintiff pursued a Step II grievance appeal. (*Id.* at PageID.208). Acting Regional Dental Director Jong Choi, D.D.S., was the author of the Step II grievance appeal response. (*Id.* at PageID.209). Plaintiff's dental record showed that he wanted

multiple areas addressed and was told that the one area causing him the greatest problem would be addressed during that visit and that he would need to submit a separate health care request for treatment of the other side. It appeared that applicable policy and procedure had been followed. Plaintiff's grievance was denied at Step II. (*Id.*).

Plaintiff pursued a Step III appeal. (ECF No. 33-3, PageID.208). His initial attempt in this regard was rejected because plaintiff failed to include the Step II response or provide reasons why it could not be included. (ECF No. 29, PageID.156; Plaintiff's Aff. ¶ 4, ECF No. 29-1, PageID.166). Plaintiff's subsequent attempt at a Step III appeal was rejected because it was untimely: "The grievant's Step III appeal was to be received by December 11, 2014, however, it was not received until January 9, 2015." (*Id.* at PageID.207).

### B. Grievance No. LCF-2014-10-1154-17b

On October 14, 2014, LCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. LCF-2014-10-1154-17b. This was a grievance against Dr. Duane Allen. (ECF No. 33-3, PageID.205). Plaintiff complained that, on October 9, 2014, Dr. Allen retaliated against him for filing a grievance against Dr. Hardy by not taking care of his toothache. (*Id.*). The Step I grievance response noted that, on September 24, 2014, plaintiff had been treated and antibiotics were prescribed. On October 14, 2014, plaintiff had three teeth extracted (numbers 2, 3, and 4). (*Id.* at PageID.206).

Plaintiff pursued a Step II appeal. (*Id.* at PageID.203). Dr. Choi was the

author of the Step II response. (*Id.* at 204). Dr. Choi noted that plaintiff had received dental care from both Dr. Hardy and Dr. Allen and there was no evidence of retaliation. It appeared that policy and procedure had been followed. Plaintiff's grievance was denied at Step II. (*Id.*). On October 20, 2015, plaintiff's appeal to Step III was denied. (*Id.* at PageID.202-03).

On December 23, 2015, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

### I. Dr. Choi

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Dr. Choi. Plaintiff alleges that Dr. Choi "is the Regional Director of Corizon Health Care, Southern Division of the Michigan Department of Corrections[.]" (Compl. ¶ 6, ECF No. 13, PageID.82). Plaintiff alleges that Dr. Choi failed to act in response to plaintiff's grievances and adequately supervise his subordinates. (*Id.* at ¶ 22, PageID.86).

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. Moreover, Section

1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because plaintiff's allegations against Dr. Choi fail to state a claim upon which relief can be granted, I recommend that all plaintiff's claims against Dr. Choi be dismissed with prejudice pursuant to the statutory authority provided by 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

## II.  Exhaustion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

### A.  Dr. Hardy

Dr. Hardy argues that he is entitled to summary judgment because plaintiff did not specifically name him in Grievance No. LCF-2014-09-1065-12a3, and even if he had done so, plaintiff did not properly exhaust his administrative remedies because the Step III appeal of this grievance was rejected as untimely. (Defendants' Brief at 6, ECF No. 33, PageID.187).

Plaintiff argues that his grievance adequately identified Dr. Hardy because he was the only dentist at LCF on the date in question and his grievance was not rejected

at Step I because he failed to identify the individual being grieved. (Plaintiff's Brief at 1-2, ECF No. 29, PageID.150-51; Supplemental Brief at 3, ECF No. 37, PageID.219). Plaintiff is correct that the Step I grievance response gave a detailed description of the dental care that he received on September 11, 2014, and that his grievance was not rejected because it failed to adequately identify the dentist. Under these circumstances, the procedural default of failing to name Dr. Harvey cannot be enforced. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

Plaintiff's Step III appeal was rejected because it was untimely. (ECF No. 33-3, PageID.207). Plaintiff's arguments that his appeal should have been considered timely (Plaintiff's Brief at 2-3, ECF No. 29, PageID.151-52; Supplemental Brief at 3-4, ECF No. 37, PageID.219-20) are not persuasive. The December 10, 2014, rejection of a deficient Step III filing by plaintiff (ECF No. 29-1, PageID.156) does not demonstrate that the Step II response to his grievance was untimely. Plaintiff's untimely Step III grievance appeal fails to satisfy the PLRA's proper exhaustion requirement. *See Cook v. Caruso*, 531 F. App'x 554, 562-63 (6th Cir. 2013); *see also Cromer v. Michigan Dep't of Corr.*, No. 13-cv-14822, 2015 WL 778210, at *6 (E.D. Mich. Feb. 24, 2015) ("Plaintiff's Step III grievance appeals were untimely; therefore, Plaintiff did not properly exhaust his administrative remedies."). All plaintiff's claims against Dr. Hardy should be dismissed because plaintiff did not properly exhaust his available administrative remedies.

B.  Dr. Allen

Defendants' brief contains no developed argument asserting that plaintiff

failed to properly exhaust his available administrative remedies on his claims against Dr. Allen. Dr. Allen is not entitled to summary judgment because has not addressed, much less carried his burden on the affirmative defense.

### Recommended Disposition

For the reasons set forth herein, I recommend that all plaintiff's claims against Dr. Choi be dismissed with prejudice for failure to state a claim upon which relief can be granted. I recommend that defendants' motion for summary judgment (ECF No. 32) be granted in part and denied in part. I recommend that defendants' motion be granted on plaintiff's claims against Dr. Hardy and that all plaintiff's claims against Dr. Hardy be dismissed without prejudice. I recommend that defendants' motion be denied in all other respects.


Dated:   January 2, 2018              /s/  Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).