UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL E. JOHNSON, # 178669,

    Plaintiff,

v.                                                      Case No. 1:15-CV-1329

DUANE ALLEN, D.D.S. et al.,                   HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff, Fingal Johnson, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Allen, Hardy, and Choi violated his civil rights under the Eighth and First Amendments. On January 2, 2018, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment (ECF No. 32) against Johnson on his claims against Hardy only—dismissing the claims against Hardy without prejudice and denying the motion in all other respects. The R & R also recommended, *sua sponte*, that the Court dismiss all claims against Choi for failure to state a claim. Johnson filed an objection to the R & R on January 19, 2018. (ECF No. 42.)

Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. Johnson has filed objections to the R & R as to all grounds. (ECF No. 42.) Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Johnson's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

The magistrate judge concluded that Johnson's claims against Choi fail to state a claim upon which relief can be granted because they amount to *respondeat superior* claims only—which are insufficient in Section 1983 claims. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Johnson fails to show that Choi himself committed active unconstitutional behavior, alleging that Choi "reviewed plaintiff's dental record two times . . . and upheld defendants['] actions both times." (ECF No. 42 at PageID.242.) This conclusory allegation is insufficient to state a claim upon which relief can be granted, and therefore the R & R will be approved as to the claims against Choi. Because the R & R addressed the claims against Choi as an initial matter, it did not address the Defendants' motion as to Choi.

The magistrate judge concluded that Johnson failed to properly exhaust his claims against Hardy because his Step III appeal was untimely. Johnson argues that although the Step II response was dated October 23, 2014, he did not receive it until November 26, 2014 and the delay led him to commit a procedural error in submitting his Step III by submitting his "golden rod copies" on November 20, 2014. Johnson's attempt at a Step III appeal was denied on December 10, 2014, because he did not include the Step II response, which he had yet to receive at the time he submitted his Step III appeal. Johnson's Step III was due on December 11, 2014. Johnson subsequently resubmitted the Step III on January 8, 2015. (ECF No. 42 at PageID.243–44.) The magistrate

2

judge found that the Step II delay was unpersuasive to Johnson's delay in meeting the December 11, 2014, deadline for his Step III. (ECF No. 41 at PageID.239; ECF No. 33-3 at PageID.212.)

More pertinent to his Step III delay is the December 10 response by the Michigan Department of Corrections (MDOC). The letter stated that the grievance was returned because Johnson "must include the Step II response(s) or give reason why it cannot be included." The letter went on to state, "[u]pon completion of the above noted items your Step III appeal will be responded to in accordance with PD 03.02.130." (ECF No. 29-1 at PageID.156.) When Johnson did so on January 8, 2015, the MDOC rejected the grievance on procedural grounds because it was due December 11, 2014. (*Id.* at PageID.164.) In short, MDOC explicitly gave Johnson an opportunity to cure the defect in his original Step III appeal and explained what was required in a letter that was dated *one day before the grievance was due*, and when he did resubmit per the letter, the MDOC rejected it as untimely. The letter is dated December 10, but it is unclear when Johnson actually received it.

MDOC's Policy Directive for Prisoner Grievances, 03.02.130(G)(3), specifically states that a "grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer." In construing the facts in the light most favorable to plaintiffs, courts have consistently applied this directive to find valid reasons for a delay in filing, "and, thus, that the grievance should not have been rejected as untimely." *Bradford v. Isard*, No. 2:15-CV-119, 2016 WL 4144248, at *2 (W.D. Mich. Aug. 4, 2016) (denying summary judgment on the ground of failure to exhaust where the plaintiff's transfer to a different facility was a valid reason for the delay in filing his grievance); *Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *7–8 (E.D. Mich. Mar. 30, 2015) (same); *Coleman v. Gullet*, No. 12-10099, 2013 WL 2634851, at *11 (E.D. Mich. June 10, 2013) (same); *see also Jones v. Collins*, No. 1:15-CV-1212, 2017 WL 1101288, at *5–6 (W.D. Mich. Mar. 3,

3

2017) (finding genuine issues of material fact as to whether plaintiff properly exhausted his grievance where there were disputes regarding the timing of mailing responses and grievances and whether grievances were wholly submitted); *Colen v. Corizon Med. Servs.*, No. 14-12948, 2016 WL 6653024, at \*6 (E.D. Mich. Aug. 15, 2016) (finding genuine issues of material fact as to whether the plaintiff attempted to file his appeal on time and was improperly prevented from doing so).

In the instant case, Johnson has presented a valid reason for the delay, and his grievance should not have been rejected as untimely. Regardless of the timing of MDOC's response to his Step II, the MDOC did not issue a letter regarding his procedural error for his Step III grievance until a day before the grievance was due. Even if Johnson had received the letter the day it was dated, *i.e.*, December 10, a one-day turnaround would be unreasonable for any litigant—let alone a *pro se* prisoner. The timing of this letter created a valid reason for Johnson's delay in filing and therefore, under MDOC's Policy Directive, the grievance should not have been rejected as untimely. Accordingly, Defendants' motion for summary judgment on the ground of failure to exhaust against Hardy will be denied.

The R & R noted that Defendants' brief did not develop any argument to assert that Defendant Allen was entitled to summary judgment and, therefore, Allen was not entitled to it. The Court agrees.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 2, 2018, R & R (ECF No. 41) is **ADOPTED IN PART** as against Defendants Choi and Allen and **REJECTED IN**

4

**PART** as against Defendant Hardy.  Plaintiff's Objections to the R & R (ECF No. 42) are **SUSTAINED** as against Defendant Hardy, and **OVERRULED** as against Defendant Choi.


Dated: March 5, 2018                                          /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE