UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| FINGAL E. JOHNSON, # 178669, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:15-cv-1329 |
| v. ) | |
| ) | Honorable Gordon J. Quist |
| DUANE ALLEN, D.D.S. et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement in 2014 at the Lakeland Correctional Facility. The defendants are Duane Allen, D.D.S., and Elliot Hardy, D.D.S. Plaintiff alleges that Dr. Hardy and Dr. Allen were deliberately indifferent to his serious dental needs, in violation of his Eighth Amendment rights and that they retaliated against him, in violation of his First Amendment rights.

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 69). Plaintiff opposes the motion. (ECF No. 72, 73). Defendants filed a reply brief. (ECF No. 77). For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment and enter judgment in defendants' favor on all plaintiff's claims.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs.*,

*Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment." (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## Proposed Findings of Fact

Plaintiff was an inmate at the Lakeland Correctional Facility (LCF) at all times relevant to his complaint. (Plf. Dep., 5-7, ECF No. 70-3, PageID.519-21). Elliot Hardy, D.D.S., and Duane Allen, D.D.S., are licensed dentists who provided dental services to LCF prisoners during the period at issue. (Hardy Aff. ¶¶ 2-6, ECF No. 70-4, PageID.575-76; Allen Aff. ¶¶ 2-4, ECF No. 70-5, PageID.580).

On February 13, 2014, LCF's dental clinic received a health care request (kite) from plaintiff and he received dental service later the same day. Dr. Hardy found that plaintiff had no complaints of pain or swelling. Plaintiff's "teeth # 1-4 were non-restorable and needed extractions." (Hardy Aff. ¶ 7, PageID.576). Plaintiff declined to follow Dr. Hardy's recommendations, and no extractions were performed. Because plaintiff was not experiencing pain or swelling, Dr. Hardy recommended that plaintiff re-kite if he started having symptoms. (*Id.*; ECF No. 70-2, PageID.510).

According to plaintiff. Dr. Hardy made a statement during the February 2014 examination indicating that he was behind in his work, and that plaintiff would be doing him a favor if he waited to have his teeth pulled. Plaintiff states that Dr. Hardy promised him prompt treatment if he sent a kite indicating that his teeth were bothering him. (Plf. Dep., 11, PageID.525; Plf. Decl. ¶¶ 1-2, ECF No. 73, PageID.628).

On September 11, 2014, plaintiff was called in to be evaluated for his complaint seeking emergency treatment for a toothache. Plaintiff wanted the teeth in the upper right and lower left quadrants of his mouth extracted during the same visit. Dr. Hardy advised plaintiff that the teeth on both sides of his mouth could not be extracted during the same visit because that many extractions would be difficult for both the patient and the dentist. Dr. Hardy explained that plaintiff could have teeth on one side of his mouth extracted during the visit. Plaintiff would have to re-kite to have the teeth on the other side of his mouth extracted. Those extractions could be addressed shortly after the first set of extractions were performed. Dr. Hardy was aware that these teeth had previously been identified as needing extraction, and that when plaintiff had been offered extraction of tooth #17 nearly four years earlier, plaintiff had refused the service. (ECF No. 70-2, PageID.506, 510; Plf. Dep., 14, PageID.528; Hardy Aff. ¶ 8, PageID.576-77). Dr. Hardy states that plaintiff became argumentative because he disagreed with his recommendation. Plaintiff denies being argumentative or disruptive when he was trying to explain to Dr. Hardy that he would not be able to eat regardless of whether Dr. Hardy pulled teeth on one side or both sides of his mouth. Dr. Hardy dismissed plaintiff for being

disruptive. Accordingly, plaintiff received no evaluation nor treatment during this visit. Antibiotics could not be considered because plaintiff did not consent to an evaluation and Dr. Hardy did not observe any swelling. (Plf. Dep., 15-16, PageID.529-30; Hardy Aff. ¶ 9, PageID.577; Plf. Decl. ¶¶ 4-6, 15, PageID.628-31).

On September 16, 2014, plaintiff filed a grievance against Dr. Hardy. On September 24, 2014, Dr. Allen interviewed plaintiff about his grievance to determine whether plaintiff had urgent dental conditions that needed to be addressed. Dr. Allen explained that dentists must use their professional judgment when determining which teeth should be extracted during a visit. Both sides of plaintiff's mouth could not be addressed by Dr. Hardy on September 11, 2014, but both sides of plaintiff's mouth could be addressed in sequential visits. Plaintiff rejected this explanation. In Dr. Allen's professional opinion, dentists generally recommend treatment on one side of the mouth at a time because extracting teeth from different sides of the mouth leaves the patient without the ability to chew food on either side, even with a sore tooth, and focusing on one side of the mouth is generally more comfortable for the patient. Dr. Allen prescribed an antibiotic for ten days to address plaintiff's toothache. This normally has the effect of greatly reducing any discomfort. Dr. Allen asked plaintiff if he wanted to sign off on the grievance and plaintiff declined. (ECF No. 1-1, PageID.16-17; Plf. Dep., 57, PageID.571; Allen Aff. ¶¶ 5-10, PageID.581-82; Plf. Decl. ¶¶ 7-11, PageID.629).

On October 8, 2014, LCF's clinic received plaintiff's kite requesting a tooth extraction. Dr. Allen saw plaintiff on October 14, 2014, and he extracted three teeth. He extracted teeth #2-4 because they were the teeth that were causing plaintiff the most pain and Dr. Allen wanted to address plaintiff's most serious problems to allow him time for recovery. Dr. Allen advised plaintiff to kite for the removal of other teeth if they were causing him any pain. Plaintiff states that Dr. Allen promised to extract additional teeth a week later. Plaintiff's grievance against Dr. Hardy and his refusal to sign off on that grievance did not alter the dental care that Dr. Allen provided. Prisoner grievances and refusals to sign off on grievances are routine. (ECF No. 70-2, PageID.511; Plf. Dep., 39, 50, PageID.553, 564; Allen Aff. ¶¶ 10-12, PageID.582-83; Plf. Decl. ¶ 12, PageID.629).

On November 18, 2014, LCF's dental clinic received a kite from plaintiff requesting an urgent tooth extraction. On November 20, 2014, plaintiff received an x-ray of tooth #17, but he declined an evaluation by Dr. Hardy. On November 25, 2014, the clinic received plaintiff's kite for an urgent tooth extraction and a routine kite requesting partial dentures. On December 3, 2014, Dr. Hardy saw plaintiff. Plaintiff declined an evaluation by Dr. Hardy. (ECF No. 70-2, PageID.512; Plf. Dep., 43-49, PageID.557-63; Hardy Aff. ¶¶ 10-11, PageID.577).

On December 18, 2014, Jong Choi, D.D.S., extracted plaintiff's tooth #17. (ECF No. 70-2, PageID.512-13; Plf. Dep., 32, 50, PageID.546, 564; Hardy Aff. ¶ 12, PageID.578).

## **Discussion**

**I.     Eighth Amendment**

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendants.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart*, 894 F.3d at 738. The judgments of medical professionals are entitled to deference. *Id.* The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id.* at 738-39 (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for

-8-

additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart*, 894 F.3d at 740 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 744. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious dental needs. The record shows that Dr. Allen and Dr. Hardy treated plaintiff and displayed no deliberate indifference. The claims that defendants "should have" provided him with "different" dental care are, at best, state-law malpractice claims.

## II.     First Amendment

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The plaintiff has the burden of proof on all three elements. *See, e.g., Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

"After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart a retaliation claim by showing that he or she would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007).

A. <u>Protected Conduct</u>

Prisoners have a First Amendment right to file non-frivolous grievances. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Defendants do not claim entitlement to summary judgment based on this protected conduct element. (Def. Brief, 16, ECF No. 70, PageID.490).

Plaintiff argues that his September 11, 2014, conversation expressing his disagreement with Dr. Hardy's professional dental opinion declining to extract teeth from both sides of plaintiff's mouth during a single visit constituted protected conduct. (Plf. Brief, 1, 4, 10, 12, ECF No. 72-1, PageID.610, 613, 619, 621). Plaintiff has a right to decline dental treatment, and his dental records show that he has exercised that right on more than one occasion. But the First Amendment does not guarantee plaintiff the right to debate dentists regarding what care is appropriate and informal conversations are not protected conduct. *See Clark v. Johnston*, No. 13-3581, 2014 WL 11070973, at*1 (6th Cir. June 16, 2014). I find that Dr. Hardy is entitled to summary judgment on this claim.

B. <u>Adverse Action</u>

An adverse action is one that would "deter a person of ordinary firmness from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396; *see Maben v. Thelen*, 887 F.3d at 266. Plaintiff argues that the processing of his grievance by defendants rather than their supervisor constituted adverse action. (Plf. Brief, 2, 15, 17, PageID.611, 624, 626). This purported procedural defect in grievance processing is not sufficiently adverse to deter a person of ordinary firmness from continuing to engage in protected conduct. *See Sobczak v. Spitters*, No. 1:09-cv-57, 2010 WL 1265187, at *3-4 (W.D. Mich. Mar. 29, 2010). The claimed defects in the processing of plaintiff's grievance cannot support a retaliation claim against either defendant.

C. <u>Causation</u>

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d at 441. Plaintiff must show that his protected conduct was a motivating factor in defendant's action. *Id.*

I find that Dr. Hardy is entitled to summary judgment on plaintiff's retaliation claim because plaintiff failed to establish that Dr. Hardy took an adverse action against him after he filed a grievance. Plaintiff filed his grievance on September 16, 2014, and after that date, plaintiff refused to be evaluated by Dr. Hardy. A grievance filed after the purported adverse action fails to satisfy the causation requirement. *See King v. Zamiara*, 150 F. App'x 485, 493 (6th Cir. 2005)

-11-

("[B]ecause the grievances [the prisoner] proffers were filed after the officials allegedly took retaliatory action against him, the grievances cannot be evidence of protected conduct in this case."); *see also Odom v. Hoffner*, No. 1:13-cv-98, 2017 WL 6811704, at *6 (W.D. Mich. Sept. 27, 2017) (Plaintiff's grievances "cannot support a retaliation claim in this case because he is bound by his deposition testimony that his grievances were filed after his transfer."); *Caulton v. Caruso*, No. 1:07-cv-947, 2009 WL 799176, at *6 (W.D. Mich. Mar. 24, 2009) (Plaintiff's grievances "failed to meet the causation requirement, because he filed the grievances after defendants' decision to transfer him to another unit.").

Dr. Allen treated plaintiff after he filed his grievance. But the temporal proximity of plaintiff's grievance and the subsequent dental care provided by Dr. Allen is insufficient to establish causation. *See Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010). Further, even assuming that plaintiff had shown that his protected conduct was a motivating factor in Dr. Allen's actions, Dr. Allen would be entitled to summary judgment because he has demonstrated that he "would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d at 441-42.

Accordingly, I recommend that the Court grant defendants' motion for summary judgment on plaintiff's retaliation claims.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment (ECF No. 69) and enter judgment in defendants' favor on all plaintiff's claims.

Dated:  July 29, 2019          /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).