UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL E. JOHNSON #178669,

    Plaintiff,

v.

    Case No. 1:15-CV-1329

    HON. GORDON J. QUIST

DUANE ALLEN, D.D.S., et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 29, 2019, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) (ECF No. 78), recommending that the Court grant Defendants' motion for summary judgment and enter judgment in Defendants' favor on all claims. As to Plaintiff's Eighth Amendment claim, the magistrate judge concluded that Plaintiff fails to present sufficient evidence to support the subjective component of his claim because the record shows that Defendants Allen and Hardy treated Plaintiff's dental problems without deliberate indifference. (ECF No. 78 at PageID.678.) Regarding Plaintiff's First Amendment retaliation claim, the magistrate judge concluded that summary judgment was proper because Plaintiff: (1) did not engage in protected activity; (2) did not suffer an adverse action; and (3) failed to establish the requisite causal connection. (*Id.* at PageID.679–81.)

Plaintiff has filed objections to the R & R, arguing that the magistrate judge erred in recommending summary judgment on his claims. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." After conducting a de novo review of the R & R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

## *Eighth Amendment Claim*

Plaintiff first objects to the magistrate judge's statement that Defendant Hardy claims that Plaintiff became disruptive during the September 11, 2014, evaluation because Defendant Hardy failed to mention in Plaintiff's medical records and the grievance response that Plaintiff was disruptive during the evaluation and that Defendant Hardy only claimed that Plaintiff was disruptive in his February 7, 2019, affidavit. Whether Plaintiff was disruptive is immaterial to the magistrate judge's analysis. The point is, Plaintiff refused treatment because he disagreed with Defendant Hardy's professional judgment that Plaintiff's teeth should be extracted only on one side at a time.

Next, Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to set forth evidence to support the subjective component of his Eighth Amendment claim. Plaintiff says that his dental records show that during the February 13, 2014, consultation, Defendant Hardy was willing to extract four teeth, while during the September 11, 2014, consultation, he was only willing to extract two teeth. Plaintiff argues that because Defendant Allen extracted three teeth on October 8, 2014, whereas Defendant Hardy refused to extract two of the four teeth on September 11, 2014, he has presented sufficient evidence to show that Defendant Hardy was deliberately indifferent. (ECF No. 83 at PageId.694.) The Court disagrees. As Defendant Allen explained to Plaintiff on September 24, 2014, each dentist must use his or her professional judgment when determining which teeth should be extracted during a visit, and "bilateral arches are not routinely done." (ECF No. 70-2 at PageID.511.) At most, Plaintiff has shown a difference of opinion in professional judgment, which does not suffice to show deliberate indifference. *See Sharpe v. Patton*, No. 08-CF-58-HRW, 2010 WL 227702, at *10 (E.D. Ky. Jan. 19, 2010) ("[W]here one medical professional differs with

another as to the course of treatment, the one offering more conservative treatment does not act with either a 'culpable state of mind' or with wantoness [sic], under the subjective prong of the Eighth Amendment. Differences of opinion as to matters of medical judgment, negligent treatment or even medical malpractice are insufficient to state a claim under § 1983.").

Finally, Plaintiff raises an objection regarding the sufficiency of Defendants' affidavits. Having reviewed the affidavits, the Court finds no deficiencies in their form or content.

### *Retaliation*

The Court also finds Plaintiff's objections regarding the retaliation claim meritless. Plaintiff does not dispute the R & R's conclusion with regard to the retaliation claim against Defendant Allen, and having reviewed the evidence, the Court concurs with the R & R that such claim should be dismissed. As to the claim against Defendant Hardy, the claim fails on both the adverse action and causation prongs. First, Plaintiff says that the adverse action was Defendant Hardy refusing to extract Plaintiff's teeth and refusing to give Plaintiff pain medication on September 11, 2014. As noted above, however, Defendant Hardy's refusal to extract Plaintiff's teeth on both sides of his mouth (while offering to extract the teeth on one side of Plaintiff's mouth) was an appropriate exercise of medical judgment, which cannot be considered adverse action. Second, and in any event, Plaintiff wrote his grievance on September 12, 2014—the day after the alleged adverse action. As the magistrate judge observed, "[a] grievance filed after the purported adverse action fails to satisfy the causation requirement." (ECF No. 7 at PageID.680–81 (citing *King v. Zamiara*, 150 F. App'x 485, 493 (6th Cir. 2005)).

Therefore,

**IT IS HEREBY ORDERED** that the July 29, 2019, Report and Recommendation (ECF No. 78) is **ADOPTED** as the Opinion of this Court.

3

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 69) is **GRANTED**, Plaintiff's Objections (ECF No. 83) are **OVERRULED**, and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 23, 2019               /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE